E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

**Presiding: The Honorable**  **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** (1) Plaintiffs' Response to Order to Show Cause [Dkt. 14] and (2) Defendants' Reply to Plaintiffs' Response to Order to Show Cause [Dkt. 16]

On June 11, 2015, Plaintiffs, 263 California homeowners, filed the above-captioned action against Defendants Bank of America Corporation, Bank of America, N.A., Banc of America Mortgage Securities, Inc., and ReconTrust Company, N.A. (collectively, "Defendants") in Los Angeles County Superior Court. Specifically, Plaintiffs allege that Defendants, who "acted as Servicer or some other control or capacity over processing [Plaintiffs' home] loan[s]," engaged in a "common intentional practice/scheme" to, among other things, "intentionally, negligently and maliciously foreclose[] on Plaintiffs' properties." (Compl. at ¶¶ 1-2, 8.) However, Plaintiffs also concede that "each of the Plaintiffs had different loan transactions, different loan products, different loan brokers, and different properties located in different cities." (Compl. at ¶ 2.)

On July 9, 2015, Defendant Bank of America, N.A. removed this "mass action" under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). On July 17, 2015, we issued an Order to Show Cause, noting that Plaintiffs seemingly are not properly joined. [Dkt. 11.] Accordingly, we instructed Plaintiffs to show cause why all but the first named Plaintiff, Stevie Bradford, should not be dismissed without prejudice. Additionally, we directed Defendants to state why, in that event, this action as to that single Plaintiff should not be remanded because it was improperly removed as a "mass action" under CAFA. [*Id.*] On July 31, 2015, Plaintiffs filed a Response to Order to Show Cause. [Dkt. 14.] On August 5, 2015, Defendants filed a Reply to Plaintiffs' Response. [Dkt. 16.]

**I.    Dismissal of All But the First Named Plaintiff**

**A.    Legal Standard**

Federal Rule of Civil Procedure 20(a) provides that individuals "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the same action." *See also* 7 Charles Alan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (2d ed. 1995) (Rule 20(a) "imposes two specific requisites to the joinder of parties. . . . Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)."). Rule 20 "is to be construed liberally." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). But, "the requirements of the rule still must be met and constrain the Court's discretion." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. Aug. 9, 2013).

Though "misjoinder of parties is not a ground for dismissing an action," we may *sua sponte* drop improperly joined parties. Fed. R. Civ. P. 21; *see also Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *5 (C.D. Cal. June 30, 2010) (quoting Fed. R. Civ. P. 21) ("Federal Rule of Civil Procedure Rule 21 governs the misjoinder of parties and permits the court '[o]n motion or on its own . . . at any time, on just terms, [to] add or drop a party[, or] also sever any claim against a party.'"). We have considerable discretion under Rule 21. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). An accepted practice under Rule 21 is to "dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (quotation marks omitted).

### B. Whether Plaintiffs' Claims Arise from the Same Series of Transactions or Occurrences

Plaintiffs argue that "Defendants' practices and policies consisted of negligence and intentional misrepresentation," and that their behavior "comprises the series of transactions required for joinder under Federal Rule 20." (Resp. at 3.) However, Plaintiffs have admitted that they "had different loan transactions, different loan products, different loan brokers, and different properties in different cities." (Compl. at ¶ 2.) In *Visendi v. Bank of America, N.A.*, the Ninth Circuit found similar claims insufficient to justify permissive joinder because the claims involved "over 100 distinct loan transactions with many different lenders," which were "secured by separate properties scattered across the country," and "some of the properties, but not all, were sold in foreclosure." 733 F.3d 863, 870 (9th Cir. 2013). Plaintiffs' claims in this case are similarly unconnected. Even though Plaintiffs "allege in conclusory fashion that Defendants' misconduct was 'regular and systematic,' their interactions with Defendants were not uniform," and thus their claims do not arise from the same series of transactions or occurrences. *See id.*; *see also Padron v. Onewest Bank*, 2014 WL 1364901, at *3-4 (C.D. Cal. Apr. 7, 2014) ("Nothing about Plaintiffs' varied claims is the 'same'—besides the general background fact that each Plaintiff purchased a piece of property, mortgaged it, failed to pay, and entered into foreclosure."); *Abraham v. Am. Home Mortg. Servicing*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013) ("It is well established that separate loan transactions by different lenders do not constitute a single transaction or occurrence and claims by plaintiffs who engaged in those separate transactions generally cannot be joined in a single action.")[1]

---

[1] Plaintiffs rely on *Petersen v. Bank of America*, 232 Cal. App. 4th 238 (2014), and other California caselaw to argue that, even with the differences between Plaintiffs' claims, joinder is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

Plaintiffs attempt to distinguish *Visendi* and *Padron* from this case, arguing that those cases involved claims "against many different lenders," whereas "[h]ere, there is essentially one Defendant, Bank of America." (Resp. at 4 (emphasis omitted).) Also, Plaintiffs argue that, in *Visendi* and *Padron*, "Plaintiffs brought distinctly different causes of action that required a more individualized analysis," and thus, in this case, "it is not necessary to have a particularized factual analysis even though Plaintiffs own different properties and signed different loans." (*Id.*) But this argument is unpersuasive because, as Defendants note, "even claims by plaintiffs who engaged in separate loan transactions by the *same lender* cannot be joined in a single action." *Abraham*, 947 F. Supp. 2d at 229 (emphasis in the original); *see also Kalie*, 297 F.R.D. at 558 ("[T]he mere fact of a common lender does not alone make joinder appropriate—more is needed . . . ."). Additionally, because Plaintiffs had "different loan transactions, different loan products, different loan brokers, and different properties in different cities," (Compl. at ¶ 2.), their claims will likely involve a particularized factual analysis.

### C.   Whether Plaintiffs' Claims Give Rise to a Common Question of Law or Fact

Plaintiffs identify the following items that they believe raise common issues of law amongst their claims: (1) whether Defendants' acts constituted unfair competition; (2) whether Plaintiffs are eligible for relief under the August 20, 2014 settlement agreement between the Department of Justice and Defendants; (3) whether Defendants' acts constitute a violation of fair debt collection practices; (4) whether Defendants made misrepresentations to Plaintiffs; (5) whether Plaintiffs relied on the misrepresentations to their detriment; (6) whether Defendants acted in bad faith when dealing with Plaintiffs; and (7) whether Plaintiffs are eligible for declaratory relief. (Resp. at 7.) Further, Plaintiffs claim that the following constitute common questions of fact: (1) whether Defendants had implemented a practice to induce Plaintiffs to accept loans that Defendants knew were dangerous or unaffordable; (2) whether there was a knowledge and awareness of the dangerous nature of their loans; (3) whether Defendants made certain common misrepresentations regarding the nature of Plaintiffs' loans; (4) whether Defendants acts constituted intentional conduct or negligent conduct; and (5) whether, as a result of Defendants' schemes, Plaintiffs were damaged, and to what extent. (*Id.*)

Plaintiffs' common issues of law, however, are nothing more than general legal questions, and the resolution of such questions will likely depend on the individual circumstances of each claim. For instance, the question of whether Defendants' acts constitute a violation of fair debt collection practices will differ based on Defendants' specific interactions with each Plaintiff. Similarly, whether Defendants acted in bad faith when dealing with Plaintiffs will require a case-by-case analysis. Additionally, Plaintiffs' common issues of fact will involve a particularized analysis based on the individual contact each Plaintiff had with Defendants. For example, whether Defendants knew the loans were allegedly dangerous or unaffordable will be highly dependent on each Plaintiffs' circumstances, as well as

---

(*See* Resp. 3-6.) These California cases examine joinder under California Civil Procedure Code § 378, not joinder under Rule 20, and are thus irrelevant to our analysis. *See Petersen*, 232 Cal. App. 4th at 240; *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1112-13 (1996); *Aldrich v. Transcon. Land & Water Co.*, 131 Cal. App. 2d 788, 791 (1955); *Adams v. Albany*, 124 Cal. App. 2d 639, 646 (1954).

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

Defendants' knowledge thereof. Thus, "[n]othing unites all of these Plaintiffs but the superficial similarity of their allegations and their common choice of counsel." *Visendi*, 733 F.3d at 870. Accordingly, Plaintiffs' claims do not satisfy Rule 20's second prong.

### D. Whether Joinder Comports with Principles of Fundamental Fairness

Even if Plaintiffs had satisfied Rule 20's requirements, joinder is still inappropriate if it does not "comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). "Under this proviso, courts generally consider whether they should decline joinder to prevent jury confusion, judicial inefficiency, and prejudice to the defendants." *Padron*, 2014 WL 1364901, at *4. Plaintiffs allege that joinder would promote judicial economy by (1) preventing multiplicity of proceedings; (2) providing consistent resolution of similar issues, and (3) promoting trial convenience and a forum for the expeditious termination of disputes. (Resp. at 8.) However, because each Plaintiff's claim would involve "a highly fact-intensive inquiry," Defendants would "[i]n essence . . . have to prepare—and the Court would have to adjudicate—[263] mini-trials." *See Padron*, 2014 WL 1364901, at *5. "That sort of inefficiency is precisely what Rule 20(b) empowered courts to avoid." *Id.*

### E. Whether Dismissal Without Prejudice of All But the First Named Plaintiff Would Prejudice Plaintiffs

"[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015). Here, dismissal will be without prejudice, and thus Plaintiffs will be able to pursue their claims individually after dismissal. Further, 28 U.S.C. § 1332(d)(11)(D) provides that "[t]he limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court." Defendant removed Plaintiffs' claims to federal court as a mass action pursuant to 28 U.S.C. § 1332(d)(11). [*See* Dkt. 1.] Therefore, the limitations periods on Plaintiffs' claims have been tolled during the period this case has been pending in federal court, and Plaintiffs will not experience prejudice due to the running of the limitations periods. *See Visendi*, 733 F.3d at 871 (finding that remand of case to district court with instructions to dismiss without prejudice the claims of all plaintiffs except the first named plaintiff would not prejudice plaintiffs because they could still pursue their claims individually, and because 28 U.S.C. § 1332(d)(11)(D) tolled the limitations periods on their claims).

### VI. Jurisdiction Over Stevie Bradford's Claims

In light of Plaintiffs' pending Motion to Remand, [Dkt. 19], we decline to address this issue at this time.

### VII. Plaintiffs' Request for Leave to Amend and File a First Amended Complaint

Plaintiffs request leave to amend the Complaint to "better address the concerns of this Court regarding permissive joinder, as well as the causes of action, named Defendants, and to plead with more

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

specificity the factual allegations of this case." (Resp. at 8.) Plaintiffs had the opportunity to "better address the concerns of this Court regarding permissive joinder" in their Response to our Order to Show Cause, but declined to do so. Indeed, Plaintiffs made no showing of what they could allege, if given leave to amend, that would cure the joinder defect. Accordingly, we **DENY** Plaintiffs' request for leave to amend and file a First Amended Complaint to address the joinder issue.

### VIII. Conclusion

Based on the foregoing, we hereby **DISMISS, without prejudice** to their re-filing as individual actions in a court with competent jurisdiction, all Plaintiffs except Stevie Bradford.

**IT IS SO ORDERED.**

-- : -

Initials of Deputy Clerk        Bea