Robert E. Boone III (SBN 132780)
Nafiz Cekirge (SBN 255710)
Sarah Burwick (SBN 267263)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:      reboone@bryancave.com
             nafiz.cekirge@bryancave.com
             sarah.burwick@bryancave.com

Attorneys for Defendants Bank of America Corporation; Bank of America N.A.; Banc of America Mortgage Securities, Inc.; and ReconTrust Company, N.A.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE BRADFORD, an individual; JEFFERY WHITE, an individual; LETICIA MERCADO, an individual; REFUGIO MERCADO, an individual; GLORIA FERREL, an individual; ROBERT FERREL, an individual; KAREN GILMORE, an individual; LARRY MOORE, an individual; STEPHEN CHILDS, an individual; FRANCISCO RAMIREZ, an individual; MARIA RAMIREZ, an individual; MARIA PEREZ, an individual; WAYNE FONTZ, an individual; LOURDES FONTZ, an individual; JOHN LIPONI, an individual; DUNG HO, an individual; JOAN TUCKER, an individual; HAROLD TUCKER, an individual; WALTER LUSK, an individual; JAMES WILLIAMS, an individual; HASSAN ABDALLAH, an individual; MARIA ABDALLAH, an individual; LUIS SOTO, an individual; ARMINE AKCHEIAN, an individual; PETER BALATA, an individual; AGUSTIN (JOHN) LATOSQUIN, an individual; CRAIG FREIS, an individual; CARLA ORTIZ, an individual; MANUEL AMAYA, an individual; ANA JULIA AMAYA, an individual; TERRY STRAW, an individual; STACY STRAW, an individual; OSCAR BOBADILLA, an | Case No. 2:15-cv-05201-GHK<br>Honorable George H. King<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**<br><br>[Filed with Request for Judicial Notice]<br><br>Date: September 14, 2015<br>Time: 9:30 a.m.<br>Dept:  650<br><br>Action filed:  June 11, 2015<br>Trial date:     None set |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1879891.4

individual; JOSE ALVARENGA, an individual; JOSEPH MOORE, an individual; ADELA MOORE, an individual; GEORGE LUCAS, an individual; MARIA ODELL, an individual; ALEJANDRO BASURTO, an individual; CHOR CHUN NGAN, an individual; CARLOS CASTILLO, an individual; ISABEL ARREOLA, an individual; AMAR MALHI, an individual; KULWANT KAUR MALHI, an individual; JULIO SANTA CRUZ, an individual; DANIEL PERAZZO, an individual; DELJEAN STARKS, an individual; EDWARD GONZALES, an individual; BERNICE GONZALES, an individual; BARMWOOD COX, an individual; RUBEN GARCIA, an individual; AMBER KRAUS, an individual; GREG KRAUS, an individual, RAYMOND LUNA, an individual; PAUL RUSCONI, an individual; LARRY BLUFORD, an individual; MICHELLE HARBOUR, an individual; MARY DAVIDSON, an individual; KERALD MITCHELL, an individual; MERCY UMEOKAFOR, an individual; MARTIN LOZANO, an individual; DONALD MILLER, an individual; ALIS NAZIKYAN, an individual; EVA FLOWERS, an individual; CAL BELL, an individual; JAIME SEVILLA, an individual; WILMER Y ABAR, an individual; SALVADOR MARTINEZ, an individual; STEVEN THORNE, an individual; PETE FLORES, an individual; CYNTHIA FLORES, an individual; REYNALDO JAOJOCO, an individual; CORAZON JAOJOCO, an individual; PAT HENNEMANN, an individual; JOHN HENNEMANN, an individual; ROGER GOWRINATHAN, an individual; CARLOS HURTADO, an individual; NORMA NAVARRO, an individual; SCOTT STREISEL, an individual; TRACI JOHNSON, an individual; EMETERIO RODRIGUEZ, an individual; PEDRO PEREZ, an individual; GRISELDA PEREZ, an individual; HERMILO ROBLES GOMEZ, an individual; JOAQUIN REYES, an individual; MONICA GONZALEZ, an individual; MARCELINO ROMAN, an individual;

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1879891.4

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1  VICTOR MUNOZ, an individual;
INGRID MUNOZ, an individual;
2  ALFREDO JIMENEZ, an individual;
LARRY RIMER, an individual; TONY
3  KEUSSEYAN, an individual; EILEEN
KEUSSEYAN, an individual; EMMIT
4  COLLIER, an individual; MARIA
CUARA, an individual; ALAN
5  HUNTER, an individual; RUDESINDO
FERNANDEZ, an individual;
6  CORNELIO BOSQUES an individual;
EDDIE EBRAHIMI, an individual;
7  ROXANA MARROQUIN, an
individual; PEDRO MARROQUIN, an
8  individual; ROCIO LOPEZ, an
individual; JUAN DE DIOS
9  LANDAVERDE an individual;
REBECCA ARTMORE, an individual;
10  MICHEAL ARTMORE, an individual;
SHARON WILSON, an individual;
11  STANLEY GRAHAM, an individual;
ISIDRO DUARTE, an individual;
12  JESUS JUAREZ, an individual; LILIA
JUAREZ, an individual; HECTOR
13  RODRIGUEZ, an individual; FRED
LEY, an individual; BETTY LEY, an
14  individual; LORENZO SELVA, an
individual; RITA SELVA, an individual;
15  MICHAEL DAVIDSON, an individual;
KIM DAVIDSON, an individual;
16  RAJAH NALLIAH, an individual;
NOELINE SHANMUGAN, an
17  individual; LINDA PAUL, an
individual; DENNIS ROSS, an
18  individual; TIFFANY WONG, an
individual; LINDA K. HUNEKE, an
19  individual; REFUGIO ALARCON, an
individual; LEONARDO ALARCON,
20  an individual; MARGARITA
CONTRERAS, an individual; GEMMA
21  JIMENA, an individual; GLADYS
BOCANEGRA, an individual; JOSEPH
22  CEDILLO, an individual; KEITH KIM,
an individual; KENT VAAGEN, an
23  individual; ARGEO GALLASTEGUI,
an individual; ISABEL
24  GALLASTEGUI, an individual; JOSE
VELADO, an individual; MARIA
25  VELADO, an individual; HECTOR
NIETO, an individual; BRENT BON, an
26  individual; MATTHEW HOFER, an
individual; ANA LARA, an individual;
27  JESUS GUEVARA, an individual;
FERNANDO MORALES, an individual;
28  ELIA HERNANDEZ, an individual;

1879891.4

ARTURO CALDERON, an individual;
JESUS GONZALEZ, an individual;
BRADLEY SMITH, an individual;
RANNAH SMITH, an individual;
CHERYL WELCH, an individual;
THOMAS POLITZ, an individual;
DAVID RICKARD, an individual,
GUSTAVO GONZALEZ, an individual;
RODOLFO CAGAMPAN, an
individual; REFUGIO DIAZ, an
individual; ROSARIO DIAZ, an
individual; RUBEN ESPINOZA, an
individual; RENE ESPINOZA, an
individual; LYNNE MARIE
RASMUSSEN, an individual; RONALD
KOLODZIEJ, an individual;
MARJEANNE TENDLER, an
individual; ARTHUR TENDLER, an
individual; MICHELE VESPIER, an
individual; ANALILIA WADE, an
individual; LORRAINE JOHNSON, an
individual; MEHRAN ABAZARY, an
individual; SOHEILA FERDOWSI, an
individual; JULIE ASPIRAS M.D., an
individual; MARIA CIBRIAN, an
individual; ERNIE ANZURES an
individual; SHERI TOURTELLOTTE-
JOHNSON, an individual; MANUEL
QUIROZ, an individual; SERGIO
FAURRIETA, an individual; GARY
BROOKSHIER, an individual; MARIA
GOMEZ, an individual; CHARLES
BATTLE, an individual; JON
MARQUEZ, an individual; SHIRLEY
MARQUEZ, an individual; LOLITA
MANAOAT, an individual; BENITO
GONZALEZ, an individual; CARLOS
LEMUS, an individual; LINDA V. DEL
ANGEL, an individual; CHARLIE
HARRIS, an individual; SHELLEY
CALDWELL, an individual; DEBRA
DEMAGNUS, an individual;
LAWRENCE BELL, an individual;
YOLANDA TUMANENG, an
individual; VIRGINIA WESTON, an
individual; FRANCIS FUNIESTAS, an
individual; MARISSA FUNIESTAS, an
individual; GUILLERMO FLORES, an
individual; KENNETH SKAIFE, an
individual; BALDEV SINGH, an
individual; DAVID MANAOAT, an
individual; LEAH MANAOAT, an
individual; ALFONSO BORJA, an
individual; AVELINA BORJA, an
individual; RICARDO FAJARDO, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1879891.4

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1  individual; GRACE HONG, an
individual; STEPHEN HARRIS, an
2  individual; ROBERTA BURTON, an
individual; OTHELLO ABATA, an
3  individual; ERLINDA ABATA, an
individual; YOUNG J. PARK, an
4  individual; CHRISTOPHER
FLORENDO, an individual; DELICIA
5  FLORENDO, an individual; TEIRA
DOOM, an individual; CIRILO
6  GOMEZ, an individual; YOLANDA
SMITH, an individual; LEVITA
7  TAYLOR, an individual; WILLIAM
TAYLOR, an individual; JANET
8  HAGEN, an individual; JAMES
HAGEN, an individual; LOLITA
9  CUNANAN, an individual; JOHNNY
VISTA, an individual; OLGA VISTA,
10 an individual; ANDRES IBARRA, an
individual; ANABELLA IBARRA, an
11 individual; ESTELLA DOMINGUEZ,
an individual; MARIA LAZARO, an
12 individual; JESUS LAZARO, an
individual; ALLEN WILSON, an
13 individual; THOMAS LUKE, an
individual; DEBORAH LUKE, an
14 individual; JUAN MOYA, an individual;
VERONICA MOYA, an individual;
15 ROBERT RODEN, an individual;
KAREN GILMORE, an individual;
16 LARRY MOORE, an individual;
STEVEN CHILDS, an individual;
17 FRANCISCO RAMIREZ, an individual;
MARIA RAMIREZ, an individual,
18 MARIA PEREZ, an individual; STEVIE
BRADFORD, an individual; WAYNE
19 FONTZ, an individual; LOURDES
FONTZ, an individual; JOHN LIPONI,
20 an individual; JOAN TUCKER, an
individual; HAROLD TUCKER, an
21 individual; WALTER LUSK, an
individual; JAMES WILLIAMS, an
22 individual; HASSAN ABDALLAH, an
individual; MARIA ABDALLAH, an
23 individual; LUIS SOTO, an individual;
ARMINE AKCHEIAN, an individual;
24 PETER BAIATA, an individual;
AGUSTIN LATOSQUIN, an individual;
25 OSCAR BOBADILLA, an individual;
JOSE ALVARENGA, an individual;
26 GEORGE LUCAS, an individual;
CHOR CHUN NGAN, an individual;
27 AMBER KRAUS, an individual; GREG
KRAUS, an individual; RAYMOND
28 LUNA, an individual; LARRY

1879891.4

BLUFORD, an individual; KERALD
MITCHELL, an individual; MERCY
UMEOKAFOR, an individual;
SALVADOR MARTINEZ, an
individual; PAT HENNEMANN, an
individual; JOHN HENNEMANN, an
individual; CARLOS HURTADO, an
individual; EMETERIO RODRIGUEZ,
an individual; LETICIA RODRIGUEZ,
an individual; PEDRO PEREZ, an
individual; GRISELDA PEREZ, an
individual; VICTOR MUNOZ, an
INGRID MUNOZ, an individual;
MARIA CUARA, an individual; EDDIE
EBRAHIMI, an individual; ROCIO
LOPEZ, an individual;
JUAN DE DIOS LANDAVERDE, an
individual; REBECCA ARTMORE, an
individual; MICHAEL ARTMORE, an
individual; JESUS JUAREZ, an
individual; LILIA JUAREZ, an
individual; DENNIS ROSS, an
individual; MARGARITA
CONTRERAS, an individual; GLADYS
BOCANEGRA, an individual;.
CARLOS BOCANEGRA, an individual;
KEITH KIM, an individual; KENT
VAAGEN, an individual; ARGEO
GALLASTEGUI, an individual;
ISABEL GALLASTEGUI, an
individual; JOSE VELADO, an
individual; MARIA VELADO, an
individual; HECTOR NIETO, an
individual; BRENT BON, an individual;
MATTHEW HOFER, an individual;
ANA LARA, an individual; JESUS
GUEVARA, an individual;
FERNANDO MORALES, an individual;
ELIA HERNANDEZ, an individual;
BRADLEY SMITH, an individual;
RANNAH SMITH, an individual;
CHERYL WELCH, an individual;
THOMAS POLITZ, an individual;
GUSTAVO GONZALEZ, an individual;
RODOLFO CAGAMPAN, an
individual; REFUGIO DIAZ, an
individual; RUBEN ESPINOZA, an
individual; RENE ESPINOZA, an
individual; RONALD KOLODZIEJ, an
individual; MARIA CIBRIAN, an
individual; LORRAINE JOHNSON, an
individual; MANUEL QUIROZ, an
individual; SERGIO FAURRIETA, an
individual; GARY BROOKSHIER, an
individual; CARLOS LEMUS, an

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1879891.4

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

individual; SHELLEY CALDWELL, an individual; DEBRA DEMAGNUS, an individual; LAWRENCE BELL, an individual; VIRGINIA WESTON, an individual; GUILLERMO FLORES, an individual; RICARDO FAJARDO, an individual; TEIRA DOOM, an individual; DAVE MAFFIE, an individual; LINDA HUBBARD, an individual; EDUARDO MUNOZ, an individual; EDDIE MUNOZ, an individual; ROLANDO MARTINEZ, an individual; RONALD RUIZ, an individual; SANDRA RUIZ, an individual; HOPERT MADISON, an individual; TERI O'ROURKE, an individual; SANDRA MORAN, an individual; JUAN MUNOZ, an individual; JAMES WALKER, an individual; WILLIAM COSTA, an individual; TONY CASTADINI, an individual; BARBARA HARADA, an individual; BARBARA HENRY, an individual; PAUL HENRY, an individual; DAWN MAHURIN, an individual; MARK MORGAN, an individual; RICH JOHNSON, an individual; MICHELLE JOHNSON, an individual; AURELIO RUIZ, an individual; YASMINE KABUYA, an individual; GRACE ZARAGOZA, an individual; CARLOS MAGALLON, an individual; MARIO DIAZ, an individual; MAGADELENA DIAZ, an individual; CLIFTON KINGSTON, an individual; TERESA IRANNEJAD, an individual; MICHAEL MCDONALD, an individual; LUISA VARGAS, an individual, JESSE CHAPMAN, an individual; SAVIOUR AZZOPARDI, an individual; KATHRYN AZZOPARDI, an individual; BEATRIZ GARCIA, an individual; GILBERTO SANABRIA, an individual; ADRIAN AGUILAR, an individual; and JOSE GUTIERREZ, an individual;

Plaintiffs,

vs.

BANK OF AMERICA CORPORATION, a Delaware corporation; authorized to do business in

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1879891.4

1  California; BANK OF AMERICA,
2  N.A.; BANC OF AMERICA
   MORTGAGE SECURITIES, INC., not
3  authorized to do business in California;
4  RECONTRUST COMPANY, N.A., and
   DOES 1 through 100, inclusive,
5
6                    Defendants.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# Table of Contents

**Page**

I.   INTRODUCTION .................................................................................. 1

II.  THE ALLEGATIONS IN THE COMPLAINT ................................... 2

III. PROCEDURAL HISTORY ................................................................. 3

IV.  THIS COURT SHOULD EXERCISE JURISDICTION OVER
     BRADFORD'S CLAIMS ..................................................................... 4

     A.   Because This Court's Jurisdiction Is Based on CAFA, Complete
          Diversity Is Irrelevant ................................................................. 5

     B.   The Local Controversy Exception Does Not Apply ............................. 6

     C.   This Court Should Not Remand Bradford's Claims Based On
          *Padron* ....................................................................................... 12

V.   CONCLUSION .................................................................................. 12

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# Table of Authorities

## Cases

*Abrego v. Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ...........................................................................5

*Corber v. Xanodyne Pharms., Inc.*,
771 F.3d 1218 (9th Cir. 2014) .........................................................................5

*Dunn v. Endoscopy Ctr. of S. Nev.*,
Case No.: 2:11-cv-00560-RLH-PAL, 2011 U.S. Dist. LEXIS 129419
(D. Nev. Nov. 7, 2011) ....................................................................................7

*Dutcher v. Matheson*,
16 F. Supp. 3d 1327 (D. Utah 2014) ...............................................................7

*Evan v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006) ...............................11

*Haley v. AMS Servicing, LLC*,
No. 13-5645 (FSH) (JBC), 2014 U.S. Dist. LEXIS 79590
(D.N.J. Jun. 11, 2014) ......................................................................................4

*Kaufman v. Allstate N.J. Ins. Co.*,
561 F.3d 144 (3d Cir. 2009) ...........................................................................11

*Kearns v. Ford Motor Co.*,
No. CV 05-5644 GAF(JTLX), 2005 U.S. Dist. LEXIS 41614
(C.D. Cal. Nov. 21, 2005) ................................................................................9

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
707 F.3d 1136 (9th Cir. 2013) .........................................................................7

*Marino v. Countrywide Fin. Corp.*,
26 F. Supp. 3d 949 (C.D. Cal. 2014) ...............................................................8

*Miss. ex rel. Hood v. AU Optronics Corp.*,
134 S. Ct. 736 (2014) ...................................................................................5, 6

*Padron v. OneWest Bank*,
No. 2:14-cv-01340-ODW(Ex), 2014 U.S. Dist. LEXIS 47947
(C.D. Cal. Apr. 7, 2014) .............................................................................5, 12

*Rouse v. Wachovia Mort., FSB*,
747 F.3d 707 (9th Cir. 2014). ..........................................................................6

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) .........................................................................7

*Villalpando v. Exel Direct Inc.*,
C-12-04137 JCS, 2012 U.S. Dist. LEXIS 160631
(N.D. Cal. Nov. 8, 2012) ..................................................................................9

*Visendi v. Bank of Am., N.A.*,
733 F.3d 863 (9th Cir. 2013) ..........................................................1, 4, 7, 12

*Waller v. Hewlett-Packard Co.*,
Case No. 11cv0454-LAB (RBB), 2011 U.S. Dist. LEXIS 50408
(S.D. Cal. May 10, 2011) ..................................................................................9

*Woods v. Std. Ins. Co.*,
771 F.3d 1257 (10th Cir. 2014) .......................................................................7

## Statutes

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

28 U.S.C. § 1332(a) ........................................................................................5

28 U.S.C. § 1332(d)(11) ..................................................................................5

28 U.S.C. § 1332(d)(2) ....................................................................................5

28 U.S.C. § 1332(d)(4)(A) ...............................................................................6

28 U.S.C. § 1332(d)(4)(A)(III) ........................................................................8

28 U.S.C. § 1332(d)(4)(ii) ...............................................................................8

28 U.S.C. § 1332(d)(5)(i)(II)(aa)-(bb) ...........................................................10

Cal. Bus. and Prof. Code § 17200 ..................................................................2

Cal. Civ. Code § 1788......................................................................................2

**Rules**

Fed. R. Civ. P. 20.............................................................................................3

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

DEFENDANTS' OPPOSITION TO MOTION TO REMAND

1  Defendants Bank of America Corporation ("BAC"), Bank of America, N.A.
2  ("BANA"), Banc of America Mortgage Securities, Inc. ("BOAMS"), and
3  ReconTrust Company, N.A. hereby oppose Plaintiff Stevie Bradford's Motion for
4  Remand.[1]

5  **I.   INTRODUCTION**

6  Because this Court dismissed all Plaintiffs other than Bradford as misjoined in
7  connection with its July 17, 2015, Order to Show Cause (the "OSC"), it must now
8  decide one question on this remand motion: should it retain jurisdiction over
9  Bradford's claims?  The answer is yes.

10  In *Visendi v. Bank of America, N.A.*, 733 F.3d 863 (9th Cir. 2013), the Ninth
11  Circuit held that if all but the first-named plaintiff is dismissed from a properly
12  removed CAFA mass action, the Court should continue to exercise jurisdiction over
13  the sole remaining plaintiff's claims:

14  This massive, multi-plaintiff lawsuit is a prototypical mass
15  action subject to removal under CAFA.  That the plaintiffs
16  are misjoined does not undermine federal jurisdiction.  We
17  therefore reverse the order of the district court, and remand
18  with instructions to dismiss without prejudice the claims of
19  all Plaintiffs but the first named Plaintiff . . . .

20  Here, BANA properly removed this action as a CAFA mass action because:
21  (1) at least 100 plaintiffs proposed to jointly try their case; (2) the aggregate amount
22  in controversy exceeded CAFA's $5 million threshold; (3) minimal diversity
23  existed; and (4) at least one Plaintiff placed more than $75,000 in controversy.
24  Notwithstanding the Court's post-removal finding of misjoinder, *Visendi* requires it
25  to exercise jurisdiction over Bradford's claims.

26

27  [1]   Although the remand motion was initially on behalf of all Plaintiffs, given the
Court's dismissal of all Plaintiffs other than Bradford, it is now only on behalf of
28  Bradford.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

Although Brown urges this Court to remand the action because "complete diversity does not exist" and the "local controversy" exception applies, Brown's arguments are baseless.  CAFA eliminated a complete diversity requirement in favor of a minimal diversity requirement—which exists here.  Further, the local controversy exception does not apply because the "principal injuries" alleged in the Complaint are not limited to California and the conduct of the only California citizen, ReconTrust, does not "form[ ] a significant basis for" Bradford's claims.

Accordingly, this Court should deny Bradford's remand motion.

## II.   THE ALLEGATIONS IN THE COMPLAINT

The Complaint asserts eight causes of action for: (1) consumer relief under a settlement agreement between the United States Department of Justice, the States of California, Delaware, Illinois, Maryland, New York, and Kentucky, on the one hand, and Defendants BAC, BANA, and BOAMS on the other hand (the "DOJ Settlement Agreement"); (2) violations of California Business and Professions Code sections 17200 *et seq.* (the "UCL"); (3) violations the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 (the "RFDCPA"); (4) negligence; (5) negligent misrepresentation; (6) fraudulent misrepresentation; (7) breach of the implied covenant of good faith and fair dealing; and (8) declaratory relief.

Bradford's first claim in the Complaint is directly based on the DOJ Settlement Agreement: it seeks a declaration that Bradford is entitled to some form of relief under the DOJ Settlement Agreement.  (Request for Judicial Notice ("RJN") Ex. 1 at 16, Compl. ¶ 19.)  Bradford's other claims, except the RFDCPA claim, piggyback off the DOJ Settlement, in that they purport to be based on the facts set forth in the Statement of Facts appended to the DOJ Settlement.  (RJN Ex. 1 at 16-17, 20-25, Compl. ¶¶ 22, 37, 43, 50, 59, 64.)  They also allege a vague mishmash of purported wrongs relating to debt collection, loan modifications and foreclosure.  (*See generally* RJN Ex. 1, Compl.)  The Complaint mostly lumps

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

1  Defendants together and it is not clear who allegedly did what.  (*See generally* RJN

2  Ex. 1, Compl.)

3  **III.    PROCEDURAL HISTORY**

4          On June 11, 2015, 263 Plaintiffs filed this action in Los Angeles County

5  Superior Court.

6          On July 9, 2015, BANA removed the action to this Court based as a CAFA

7  mass action because: (1) more than 100 Plaintiffs "propose[d] to try their monetary

8  relief claims jointly on the ground that their claims involve common questions of

9  law and fact"; (2) the action met CAFA's minimal diversity requirement; and (3) the

10  action met CAFA's amount in controversy requirements.  (Dckt. # 1, Notice of

11  Removal ¶¶ 8-19.)

12          On July 17, 2015, the Court issued an OSC ordering Plaintiffs to show cause

13  within 14 days "why all but the first named Plaintiff, Stevie Bradford, should not be

14  dismissed without prejudice" as misjoined under Federal Rule of Civil Procedure

15  20.  (Dckt. # 11, OSC 2.)

16          The Court further ordered Defendants to show cause within seven days of

17  Plaintiffs' response as to why, in the event that the Court finds Plaintiffs' claims

18  misjoined, "this action as to th[e] single [remaining] Plaintiff should not be

19  remanded because it was improperly removed as a 'mass action' under CAFA."

20  (Dckt. # 11, OSC 2.)  Both Plaintiffs and Defendants responded to the OSC.  (Dckt.

21  ## 14, 16.)

22          On August 10, 2015, Plaintiffs filed a motion to remand this action to state

23  court.  (Dckt. # 17.)

24          On August 11, 2015, Plaintiffs re-filed the motion to remand because their

25  prior notice did not designate a hearing date.  (Dckt. # 19.)  All citations to the

26  remand motion will be to this document.

27          On August 18, 2015, in connection with the OSC, the Court held that

28  Plaintiffs were misjoined and dismissed "all Plaintiffs except Stevie Bradford."

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

(Dckt. # 23, Order 5.)  In addition, the Court specifically "decline[d] to address" whether it had jurisdiction over Bradford's claim "[i]n light of Plaintiffs pending Motion to Remand."  (Dckt. # 23, Order 4.)

## IV.   <u>THIS COURT SHOULD EXERCISE JURISDICTION OVER BRADFORD'S CLAIMS</u>

The Ninth Circuit's decision in *Visendi* requires this Court to exercise jurisdiction over Bradford's claims.  *Visendi* held a "district court's post-removal conclusion that Plaintiffs' claims were improperly joined does not affect the court's jurisdiction." *Id.* at 868 (internal quotations and citation omitted); *see also Haley v. AMS Servicing, LLC*, Civil Case No. 13-5645 (FSH) (JBC), 2014 U.S. Dist. LEXIS 79590, at 24 (D.N.J. Jun. 11, 2014) ) ("Because CAFA jurisdiction is determined at the time of removal, the subsequent severance of claims or parties does not affect the jurisdiction of those claims.").

It further held that as long as the CAFA mass action is "properly removed," if the district court finds that the plaintiffs are misjoined, then the proper course of action is to dismiss all but the first-named plaintiff and exercise jurisdiction over that plaintiff's claims:

> This massive, multi-plaintiff lawsuit is a prototypical mass action subject to removal under CAFA.  That the plaintiffs are misjoined does not undermine federal jurisdiction.  We therefore reverse the order of the district court, and remand with instructions to dismiss without prejudice the claims of all Plaintiffs but the first named Plaintiff . . . .

733 F.3d at 868, 871.

Here, BANA properly removed this action as a CAFA mass action.  Federal courts have mass action jurisdiction under CAFA if "there is an aggregate amount in controversy of $5 million or more, at least one plaintiff who is a citizen of a state or foreign state different from that of any defendant, and when monetary relief claims

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1    of 100 or more persons are proposed to be tried jointly," *Corber v. Xanodyne*
2    *Pharms., Inc.*, 771 F.3d 1218, 1222-1223 (9th Cir. 2014); *see also* 28 U.S.C. §§
3    1332(d)(2), (11), and at least "*one* plaintiff satisfies the $ 75,000 jurisdictional
4    amount requirement of [28 U.S.C. section] 1332(a)," *Abrego v. Dow Chem. Co.*, 443
5    F.3d 676, 689 (9th Cir. 2006) (emphasis in the original).

6      At the time of removal, this action met all of these requirements:

7       &bull; 263 Plaintiffs proposed to try their claims jointly;
8       &bull; at least one Plaintiff was a California citizen and BANA is a North
9        Carolina citizen;
10      &bull; the aggregate amount in controversy is at least $50 million; and
11      &bull; at least one Plaintiff had more than $75,000 in controversy.
12   (Dckt. #1, Notice of Removal ¶¶ 8-19; Dckt. # 3, Decl. of LaKesha Battle ¶ 7.)

13     Accordingly, *Visendi* requires this Court to exercise jurisdiction over
14   Bradford's claims.

15     Bradford advances three arguments in favor of remand.  First, he claims that
16   this action was improvidently removed because complete diversity was lacking at
17   the time of removal.  Second, he argues that CAFA's local controversy exception
18   applies.  Third, he maintains that *Padron v. OneWest Bank*, No. 2:14-cv-01340-
19   ODW(Ex), 2014 U.S. Dist. LEXIS 47947 (C.D. Cal. Apr. 7, 2014) requires
20   Bradford's claims to be remanded after the Court's finding of misjoinder.  All of
21   these arguments are baseless.

22     **A.** <u>**Because This Court's Jurisdiction Is Based on CAFA, Complete**</u>
23      <u>**Diversity Is Irrelevant**</u>

24     Bradford urges this Court to remand the action because complete diversity is
25   "lacking." (Mot. 4:9.)  Bradford misses the mark entirely.

26     CAFA "replaced the ordinary requirement of complete diversity of citizenship
27   among all plaintiffs and defendants with a requirement of minimal diversity." *Miss.*
28   *ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014).  Here, minimal

diversity existed at the time of removal (and exists now) because Bradford and the dismissed Plaintiffs are all California citizens, (Mot. 4:11), and BANA is a North Carolina citizen, (Dckt. # 1, Notice of Removal ¶ 12; Dckt. # 3, Decl. of LaKesha Battle ¶ 7). *See Hood*, 134 S. Ct. at 740 (holding that CAFA's minimal diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." (internal quotations and citation omitted)).[2]

### B.   The Local Controversy Exception Does Not Apply

CAFA's local controversy exception, codified at 28 U.S.C. section 1332(d)(4)(A), applies if:

> (1) more than two-thirds of the class are citizens of the forum state;
>
> (2) the principal injuries alleged in the complaint were incurred in the forum state;
>
> (3) at least one defendant, from whom significant relief is sought and whose conduct forms a significant basis for the claims asserted, is a citizen of the forum state; and
>
> (4) during the preceding 3-year period, no other class action was filed asserting the same or similar factual allegations against any defendant on behalf of the same or other persons.

*See* 28 U.S.C. § 1332(d)(4)(A). Because "the elements of the local controversy exception are enumerated in the conjunctive[,] . . . failure to establish any one of the

---

[2]     Plaintiffs try to confound BANA's citizenship by claiming that it "do[es] business in the State of California and the County of Los Angeles." (Mot. 2:21-2:22.) But BANA is a national bank, (Dckt. #1, Notice of Removal ¶ 12; Dckt. # 3, Decl. of LaKesha Battle ¶ 7), and a national bank is a "citizen only of the state in which its main office is located," not "a citizen of both the state in which its principal place of business is located and the state where its main office is located." *Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 709 (9th Cir. 2014).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

elements results in the inapplicability of the exception." *Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1338 (D. Utah 2014).

"The 'local controversy' exception is not jurisdictional," *Visendi*, 733 F.3d at 869, but rather an "exception[ ] to jurisdiction," *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007).  Therefore, the party invoking the exception "bears the burden of proof as to [its] applicability."  *Id.* at 1024; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 n.1 (9th Cir. 2013) ("[T]he obligation to raise and prove that . . . the. . . 'local controversy'[exception] [applies] . . . rests on the party seeking remand.").  The burden of proof extends to "each of the Local Controversy Exception's four conjunctive parts."  *Dunn v. Endoscopy Ctr. of S. Nev.*, Case No.: 2:11-cv-00560-RLH-PAL, 2011 U.S. Dist. LEXIS 129419, at 9 (D. Nev. Nov. 7, 2011).

Finally, "the local controversy exception [is] 'narrow,' with all doubts resolved in favor of exercising jurisdiction over the case." *Woods v. Std. Ins. Co.*, 771 F.3d 1257, 1265 (10th Cir. 2014) (internal quotations and citations omitted).

Bradford fails to demonstrate the applicability of the local controversy exception in this case.

### 1.   **Bradford Does Not Carry His Burden Of Proving The Applicability Of The Local Controversy Exception**

Bradford makes no serious effort to meet his burden of proving the applicability of the local controversy exception.  Instead of providing real analysis as to all elements of the exception, he parrots part of the statutory language:

> This Court should apply the "Local Controversy exception to federal jurisdiction because ReconTrust . . . is a California citizen, its conduct forms a significant basis for the claims of this case and thus Plaintiffs are seeking significant relief from ReconTrust, and the injuries occurred in California.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

(Mot. 4:16-4:21.)[3]

Bradford's lack of any meaningful attempt to prove the applicability of the local controversy exception is enough to reject his attempt to invoke it. But even if Bradford had made a more serious effort at proving the applicability of the exception, he would still have failed because this case meets neither the exception's "principal injuries" prong nor its "significant defendant" prong.

## 2. The "Principal Injuries" Prong

The local controversy exception's "principal injuries" prong requires that the "principal injuries resulting from the alleged conduct were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(III). "The term 'principal injuries[ ]' . . . is not well defined. However, courts have rejected the application of this exception when the conduct and injuries are alleged to be nationwide, even if the proposed class is limited to citizens of a single State." *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 949, 954 (C.D. Cal. 2014).

This Court's decision in *Marino* is instructive. Plaintiff filed that class action in state court, alleging causes of action based on defendants' "[mortgage] lending practices." *Marino*, 26 F. Supp. 3d at 951. After defendants removed the action under CAFA, plaintiff argued that the court was required to remand the case under the local controversy exception because "there were no allegations that injuries were incurred outside California." *Id.* at 955.

The court rejected plaintiff's argument, holding that because "the alleged conduct—issuing loans—was national in scope[,] . . . California was but one market where" the alleged harm occurred. *Id.* "Plaintiff [could not] meet his burden as to

---

[3] Plaintiffs do not even bother addressing certain prongs of the "local controversy" exception, such as whether any other similar class actions have been filed against any of the Defendants. *See* 28 U.S.C. § 1332(d)(4)(ii)). It is highly likely that such class actions exist.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

'principal injuries' simply by focusing on California and ignoring other markets." *Id.*

Other district courts in the Ninth Circuit have similarly held that the "principal injuries" prong is not satisfied if the alleged conduct and injuries span several states:

- *Villalpando v. Exel Direct Inc.*, C-12-04137 JCS, 2012 U.S. Dist. LEXIS 160631, at 35-36 (N.D. Cal. Nov. 8, 2012) ("There is nothing unique to California about the claims asserted in this action, even if the class is limited to Plaintiffs who provide delivery services in California and the claims in the action are based on California law. . . .  Rather, Defendants are vulnerable to similar claims in other states . . . .  Therefore, the Court concludes that the 'Local Controversy' exception does not apply.").

- *Waller v. Hewlett-Packard Co.*, Case No. 11cv0454-LAB (RBB), 2011 U.S. Dist. LEXIS 50408, at 13-14 (S.D. Cal. May 10, 2011) ("Plaintiff's action is local only in the trivial and almost tautological sense that the definition of the putative class and the legal bases of the asserted claims make it so.  Courts have routinely looked beyond these formalities — and looked to the nature and scope of the alleged wrong — and rejected a plaintiff's invocation of the local controversy exception that relies on them. . . .  [T]he broader point here is that the SimpleSave hard drives were marketed and sold nationwide, Plaintiff alleges nothing wrongful about their marketing and sale that is peculiar to California, and there is no reason to believe that the Defendants aren't vulnerable to suit on very similar grounds beyond California.  That isn't characteristic of a local dispute.").

- *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 U.S. Dist. LEXIS 41614, at 40 (C.D. Cal. Nov. 21, 2005) (holding that the "local controversy" exception does not apply, even though the class was limited

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

1    to Californians, because the certified pre-owned vehicle program at issue

2    was "marketed nationwide" and "any injuries would have been suffered by

3    consumers throughout the country").

4        Here, Bradford cannot show that the conduct and injuries alleged in the

5    Complaint are limited to California.  Seven of the Complaint's eight claims are

6    predicated on the DOJ Settlement and the allegedly wrongful lending practices that

7    gave rise to the DOJ Settlement.  (RJN Ex. 1 at 16-17, 20-25, Compl. ¶¶ 22, 37, 43,

8    50, 59, 64.)  Those alleged lending practices, and the injuries supposedly resulting

9    from them, are not limited to California, but rather are national in scope.  This is

10    evidenced by the fact that the DOJ Settlement is not only with the State of

11    California, but also with the "United States . . . [and] the States of . . . Delaware,

12    Illinois, Maryland, New York, and Kentucky."  (RJN Ex. 1 at 14, Compl. ¶ 13.)

13    Further, nothing in the Statement of Facts annexed to the DOJ Settlement suggests

14    that the lending and securitization practices that form the basis of the DOJ

15    Settlement and the claimed injuries here are limited California; to the contrary, it is

16    evident from the Statement of Facts the alleged practices that purportedly caused the

17    injuries in this case are national in scope.  (RJN Ex. 1 at 29-58, Compl. Ex A.)  In

18    fact, Bradford's own allegations make it clear that Defendants' business practices at

19    issue are not California-specific, but rather "company-wide."  (RJN Ex. 1 at 8,

20    Compl. ¶ 2.)

21              **3.**    **The "Significant Defendant" Prong**

22        The "significant defendant" prong requires that the local defendant, in this

23    case ReconTrust, is one "from whom significant relief is sought by members of the

24    plaintiff class" and "whose alleged conduct forms a significant basis for the claims

25    asserted by the proposed plaintiff class."  28 U.S.C. § 1332(d)(5)(i)(II)(aa)-(bb).

26    Bradford establishes neither requirement.

27        With respect to the "significant relief" requirement, Bradford identifies

28    ReconTrust as the "foreclosing arm of Bank of America."  (Compl. ¶ 8.)  But the

allegedly wrongful activity in the Complaint centers on origination and servicing—activities in which ReconTrust concededly had no involvement.  Although Bradford simply lumps all Defendants together in their Prayer for Relief , this is insufficient to meaningfully establish that they seek "significant relief" from ReconTrust.

With respect to the "significant basis" requirement, determining whether a defendant's alleged conduct forms a significant basis of the claims in the lawsuit "effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants."  *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009).  "If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied.  Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants."  *Id.*

Here, Bradford does not offer any substantive comparison of ReconTrust's conduct versus the other Defendants.  His remand motion only parrots the statute: "Recontrust['s] . . . conduct forms a significant basis for the claims of this case and this Plaintiffs are seeking significant relief from ReconTrust."  (Mot. 4:18-4:20.)

The Complaint is equally unhelpful to Bradford.  Although the Complaint concedes that ReconTrust's supposedly wrongful activities are limited to foreclosure, (Compl. ¶ 8), it offers no information about which, if any, Plaintiffs have been foreclosed, (*see generally* Compl.)  Moreover, the Complaint mostly lumps all Defendants together and asserts a vague mishmash of wrongdoing against them without explaining who supposedly did what.  (*See generally* Compl.)  The only claim that singles out ReconTrust is the RFDCPA claim, but that is only one of eight claims.

Under these circumstances, Bradford does not establish that ReconTrust's conduct is a significant basis of the claims in the Complaint.  *See Evan v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006) ("With respect to whether the conduct

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

11

1   of defendant 'forms a significant basis' for the plaintiffs' claims, plaintiffs' evidence

2   offers no insight into whether [defendant] played a significant role in the alleged

3   contamination, as opposed to a lesser role, or even a minimal role. The evidence

4   does not indicate that a significant number or percentage of putative class members

5   may have claims against [defendant], or indeed that any plaintiff has such a claim.").

6   **C.   This Court Should Not Remand Bradford's Claims Based On**

7        ***Padron***

8        Finally, Bradford urges this Court, upon a finding of misjoinder, to "follow . .

9   . [*Padron*] and remand Stevie Bradford's case to Los Angeles Superior Court."

10  (Mot. 5:11-5:12.)  But *Padron* is not binding authority, *Visendi* is.  As discussed

11  extensively above, because this action was properly removed as a CAFA mass

12  action, *Visendi* requires this Court to exercise jurisdiction over Bradford's claim

13  after dismissing the other Plaintiffs based on misjoinder.  *See supra*, Part 4, pp. 4-5.

14  **V.   CONCLUSION**

15       This Court has CAFA mass action jurisdiction over this action and Plaintiffs

16  have not demonstrated otherwise.  Nor have Plaintiffs shown that CAFA's local

17  controversy exception applies.  As such, this Court should deny Plaintiffs' remand

18  motion and exercise jurisdiction over Bradford's claims.

19

20  Dated:  August 24, 2015                    **BRYAN CAVE LLP**

21

22                                             By:*/s/ Nafiz Cekirge*
                                                    Nafiz Cekirge
23                                             Attorneys for Defendants
                                               Bank of America Corporation; Bank of
24                                             America N.A.; Banc of America Mortgage
                                               Securities, Inc.; and ReconTrust Company,
25                                             N.A.

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386