*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Plaintiffs' Motion to Remand [Dkt. 19]

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Background**

On June 11, 2015, 263 California homeowners ("Plaintiffs") filed an action against Defendants Bank of America Corporation, Bank of America, N.A., Banc of America Mortgage Securities, Inc., and ReconTrust Company, N.A. (collectively, "Defendants") in Los Angeles County Superior Court.[1] [Dkt. 1, Notice of Removal ("NOR"), Ex. A.] Plaintiffs' complaint presents the following eight claims: (1) consumer relief under an August 20, 2014 settlement agreement between the U.S. Department of Justice and Bank of America; (2) violation of California's unfair competition law; (3) violation of the Rosenthal Fair Debt Collection Act; (4) negligence; (5) negligent misrepresentation; (6) fraudulent misrepresentation; (7) breach of the implied covenant of good faith and fair dealing; and (8) declaratory relief. [*Id.*]

On July 9, 2015, Defendant Bank of America, N.A. removed this case under the "mass action" provisions of the Class Action Fairness Act ("CAFA"). [*See id.* at ¶¶ 4-19.] On July 17, 2015, we issued an Order to Show Cause, noting that Plaintiffs seemed to be improperly joined pursuant to Federal Rule of Civil Procedure 20. [Dkt. 11.] We instructed Plaintiffs to show cause why all but the first named Plaintiff, Stevie Bradford ("Plaintiff Bradford"), should not be dismissed without prejudice due to this joinder defect. We also directed Defendants to state why, in that event, we should not

---

[1] Defendants request—and Plaintiff Stevie Bradford does not oppose—that we take judicial notice of Plaintiffs' state court complaint. [*See* Dkt. 25.] We hereby **GRANT** this request. However, we do not notice the truth of the matters asserted within the state court complaint.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

remand this action as to Plaintiff Bradford alone because it was improperly removed as a mass action under CAFA.  [*Id.*]

On July 31, 2015, Plaintiffs filed a Response to Order to Show Cause.  [Dkt. 14.]  On August 5, 2015, Defendants filed a Reply to Plaintiffs' Response.  [Dkt. 16.]  On August 10, 2015, Plaintiffs filed the present Motion to Remand, arguing that we lacked subject matter jurisdiction over both Plaintiffs' claims or, in the alternative, Plaintiff Bradford's claims individually.[2]  [Dkt. 17.]  On August 18, 2015, we issued an Order addressing our July 9, 2015 Order to Show Cause, which held that Plaintiffs' joinder was improper under Rule 20 and accordingly dismissed the claims of all Plaintiffs except Plaintiff Bradford.[3]  [Dkt. 23.]  We deferred addressing the remand issue in light of Plaintiffs' intervening Motion to Remand.  [*Id.*]  On August 24, 2015, Defendants filed their Opposition to the Motion to Remand.  [Dkt. 24.]  Plaintiff Bradford filed a Reply on August 31, 2015.  [Dkt. 27.]

    **II.**    **Discussion**

        **A.**    **Legal Standard**

A defendant may remove a state court action to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  A plaintiff objecting to the removal may seek remand due to lack of subject matter jurisdiction.  *See id.* § 1447(c).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) ("[T]he Supreme Court left no doubt 'that no antiremoval presumption attends cases involving CAFA.'").  However, the burden of establishing removal jurisdiction, even in actions removed under CAFA, lies with the proponent of federal jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

        **B.**    **Analysis**

            **1.**    **Initial Removal as a CAFA Mass Action**

Defendant Bank of America, N.A. properly removed this action as a CAFA mass action.  Under CAFA, a "mass action" is removable if the following requirements are met: (1) "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve

---

    [2]  Plaintiffs filed an amended version of this Motion on August 11, 2015.  [Dkt. 19.]

    [3] Plaintiff Bradford asks us not to consider pages 2:24-10:5 of Defendants' August 5, 2015 Reply.  (Mot. at 4-5.)  In light of our August 18, 2015 Order, we **DENY as moot** Plaintiff Bradford's request.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

common questions of law or fact;"[4] (2) "there is an aggregate amount in controversy of $5 million or more;"[5] (3) "at least one plaintiff [] is a citizen of a state or foreign state different from that of any defendant;"[6] and (4) at least one plaintiff satisfies the $75,000 amount in controversy.[7]

The NOR presents evidence for all of these requirements. The NOR notes that Plaintiffs' state court complaint lists 263 individual plaintiffs that propose to try their claims jointly based on their claims involving common questions of law and fact. [NOR at ¶ 8.] The NOR also provides that Plaintiffs expressly seek $50 million in damages in their state court complaint. [*Id.* at ¶ 17.] Further, the NOR asserts that Defendant Bank of America, N.A. is a national bank with its main office, as set forth in its articles of association, in North Carolina, and is thus a citizen of North Carolina,[8] [*id.* at ¶ 12], and that all Plaintiffs were citizens of California, as alleged in the state court complaint. [*Id.*] The NOR additionally reasons that, because the complaint seeks $50 million for 263 plaintiffs, at least one plaintiff must have an amount in controversy in excess of $75,000. [*Id.* at ¶ 18.] Thus, when Defendant Bank of America, N.A. removed this mass action, it provided sufficient evidence that each of CAFA's mass action removal elements was satisfied and thus met its burden of establishing removal jurisdiction.

## 2.    Lack of Complete Diversity of Citizenship

---

[4] 28 U.S.C. § 1332(d)(11)(B)(i); *see also Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014).

[5] *Corber*, 771 F.3d at 1222; *see also* 28 U.S.C. § 1332(d)(2), (11)(A).

[6] *Corber*, 771 F.3d at 1222; *see also* 28 U.S.C. § 1332(d)(2)(A)-(C), (11)(A).

[7] *Abrego Abrego*, 443 F.3d at 685. Section 1332(d)(11)(B)(i) provides that "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [§ 1332(a)]." While the Ninth Circuit has interpreted this language to mean that at least one plaintiff must satisfy the $75,000 amount in controversy requirement, it has not yet decided whether a case can "go forward if only one or a few plaintiffs" satisfy the $75,000 amount in controversy requirement. *See Abrego Abrego*, 443 F.3d at 685; *see also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 n.4 (9th Cir. 2009) ("In *Abrego Abrego*, we left open the question whether this clause requires that one hundred or more plaintiffs individually satisfy the $75,000 amount in controversy requirement for federal diversity jurisdiction to qualify as a 'mass action' under CAFA."). However, the Eleventh Circuit has held that CAFA does not require a per-plaintiff minimum amount in controversy requirement such that removal would be proper only if each plaintiff has an amount in controversy above $75,000. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).

[8] *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[A] national banking association is a citizen only of the state in which its main office is located."). The NOR includes a Declaration of Lakesha Battle, a Bank of America, N.A. Operations Team Manager, attesting to these facts. (*See* Battle Decl. at ¶ 7.)

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

     Plaintiff Bradford argues that we should nevertheless remand this action because complete diversity does not exist between Plaintiff, a California citizen, and Defendant ReconTrust, a California citizen, meaning we lack diversity jurisdiction over the action. (Mot. at 4.) But, CAFA "'replaced the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants, with a requirement of minimal diversity,'" meaning that "a federal court may exercise jurisdiction so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *California v. InelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014) (quoting *Miss. ex. rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014)); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.").

     This action was removed pursuant to CAFA, not § 1332(a). Thus, Defendant Bank of America, N.A. needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal. The NOR establishes that all Plaintiffs, including Plaintiff Bradford, are citizens of California, and that Defendant Bank of America, N.A. is a citizen of North Carolina. Accordingly, CAFA's minimal diversity requirement was satisfied at the time of removal, and remand based on lack of complete diversity is not proper.

### 3. Effect of Dismissal of Improperly Joined Plaintiffs

     Plaintiff Bradford argues that, because we dismissed the claims of all Plaintiffs except Plaintiff Bradford, this matter is no longer a mass action under CAFA and thus fails to invoke CAFA removal jurisdiction. (*See* Reply at 2.) Because Plaintiff Bradford is the only remaining party in the action, there are no longer 100 plaintiffs proposed to be tried jointly and there is no longer an aggregate amount in controversy in excess of $5 million. (*Id.*) With these CAFA removal requirements missing, Plaintiff Bradford reasons, jurisdiction is no longer proper and thus we should remand the case. (*Id.*)

     This argument lacks merit. "[P]ost-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010). Thus, a "district court's post-removal conclusion that Plaintiffs' claims were improperly joined does not affect the court's jurisdiction" under CAFA's mass action provisions because "at the time of removal—Plaintiffs proposed a joint trial." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) ("That the plaintiffs are misjoined does not undermine federal jurisdiction."); *see also Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014) ("Because at the time of removal CAFA supplied federal subject matter jurisdiction over these cases . . . we hold that CAFA continues to provide jurisdiction over these individual cases notwithstanding their severance from the class."); *Haley v. AMS Servicing, LLC*, 2014 WL 2692944, at *6 (D.N.J. June 11, 2014) (finding that CAFA mass action jurisdiction is "determined at the time of removal," and thus "the subsequent severance of claims or parties does not affect the jurisdiction of those claims").

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

As explained above, Defendant Bank of America, N.A. properly removed Plaintiffs' state-law action under the mass action provisions of CAFA. Although we subsequently dismissed the claims of all Plaintiffs except Plaintiff Bradford, this post-removal action did not destroy our jurisdiction over Plaintiff Bradford's case. Thus, remand for lack of subject matter jurisdiction based on our dismissal of all Plaintiffs except for Plaintiff Bradford is improper.[9]

### 4. Remand Under CAFA's Local Controversy Exception

Under CAFA's "local controversy" exception, "a district court shall decline to exercise jurisdiction" over a class action in which (1) more than two-thirds of all proposed members of the class are citizens of the filing state; (2) at least one defendant from whom "significant relief is sought" by the class and whose "alleged conduct forms a significant basis for the claim" of the class is a citizen of the filing state; (3) the "principal injuries" resulting from the alleged conduct or related conduct were incurred in the filing state; and (4) During the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. § 1332(d)(4)(A).

Section 1332(d)(4)(A) is an exception to CAFA jurisdiction, not an element required to invoke such jurisdiction. *See Serrano*, 478 F.3d at 1023 ("We thus hold that the provision[] set forth in [§ 1332(d)(4) is] not part of the prima facie case for establishing minimal diversity jurisdiction[] under CAFA, but, instead, [is an] exception[] to jurisdiction."). "[T]he burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Serrano*, 478 F.3d at 1021-22 ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."). Thus, Plaintiff Bradford bears the burden of proving each element of CAFA's local controversy exception. *See Serrano*, 478 F.3d at 1024 ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under [§] 1332(d)(4)(A) . . . .").

To support his local controversy argument, Plaintiff Bradford summarily concludes that "[t]his court should apply the 'Local Controversy' exception to federal jurisdiction because ReconTrust, acting in concert with Bank of America, is a citizen of California, its conduct forms a significant basis for the claims of this case and thus Plaintiffs are seeking significant relief from ReconTrust, and the injuries

---

[9] Plaintiff Bradford contends that *Padron v. Onewest Bank*, 2014 WL 1364901 (C.D. Cal. Apr. 7, 2014), compels a different result. But, as Defendants note, we must follow *Visendi*, as it is binding Ninth Circuit precedent. *Padron* does not similarly bind us. Thus, to the extent that *Padron* conflicts with *Visendi*, we decline to apply *Padron*.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5201-GHK (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | *Stevie Bradford, et al. v. Bank of America Corporation, et al.* | | |

occurred in California."[10] (Mot. at 4 (internal citation omitted).) These bare allegations are insufficient to prove the elements of the local controversy exception. Plaintiff Bradford presents no evidence whatsoever that ReconTrust's "conduct forms a significant basis for the claims of this case" or that "Plaintiffs are seeking significant relief from ReconTrust." (*See id.*) With no evidence supporting the local controversy exception, Plaintiff Bradford has failed to satisfy his burden, and thus remand under the local controversy exception is improper. *See Mondragon*, 736 F.3d at 883 (concluding that "there must ordinarily be at least some facts in evidence from which the district court may make findings" regarding the class members' citizenship element of the local controversy exception); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1168 & n.8 (11th Cir. 2006) (finding that "plaintiffs have failed to prove that their case belongs in state court under the local controversy exception to CAFA," where the plaintiffs "adduced little or no evidence" on the local controversy exception's "citizenship of plaintiff class" and "significant defendant" requirements).

### III. Conclusion

For the foregoing reasons, Plaintiff Bradford's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                                                                         _____ : _____

                                               Initials of Deputy Clerk    AB for Bea

---

[10] This single sentence is, verbatim, the entirety of Plaintiff Bradford's local controversy argument.